UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA WASCOVICH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL, Commissioner of Social Security<br><br>　　　　　Defendant. | No. 2:18-cv-659-EFB<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties' cross-motions for summary judgment are pending. ECF Nos. 13 & 14. For the reasons discussed below, the Commissioner's cross-motion is denied and plaintiff's motion for summary judgment is granted. The matter is remanded to the Administrative Law Judge ("ALJ") for additional administrative proceedings.

## BACKGROUND

Plaintiff filed an application for SSI, alleging that she had been disabled since April 1, 2012. Administrative Record ("AR") 319. Plaintiff's application was denied initially and upon reconsideration. *Id.* at 223-26, 234-39. On June 29, 2016, a hearing was held before ALJ Plauche Villere, Jr. *Id.* at 170-191.

1

On December 8, 2016, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[1] *Id.* at 19-31. The ALJ made the following specific findings:

1. The claimant has not engaged in substantial gainful activity since April 10, 2013, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe combination of impairments: degenerative disc disease of the lumbar and cervical spine; joint pain; neuropathy of the feet; asthma with tobacco use disorder; obesity; anxiety; depression (20 CFR 416.920(c)).

\* \* \*

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

* * *

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) in that she can lift and carry, push and pull twenty pounds occasionally and ten pounds frequently. She can sit for six hours of an eight hour day and stand and walk for six hours of an eight hour day. Except, she must avoid concentrated exposure to fumes, odors, dust, gases, poor ventilation, etc.' she can only perform simple routine repetitive tasks with only occasional contact with others, including only non-interactional contact with the public.

* * *

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

* * *

6. The claimant was born on August 24, 1970 and was 42 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

* * *

10. The claimant has not been under a disability, as defined in the Social Security Act, since April 10, 2013, the date the application was filed (20 CFR 416.920(g)).

*Id.* at 58-73.

Plaintiff's request for Appeals Council review was denied on January 25, 2018, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-4.

/////

3

## LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## ANALYSIS

In his decision, the ALJ credited the opinion of psychologist Dr. Janelle Fisher, giving that opinion substantial weight. AR at 68-69. He failed, however, to include Dr. Fisher's finding that plaintiff had a "mild to moderate" limitation in her capacity to maintain regular attendance in the Residual Functional Capacity ("RFC"). *Id.* at 63, 68. Plaintiff argues this was reversible error.

"[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Where an ALJ accords substantial or great weight to a physician's opinion, he must either incorporate their findings into the RFC or offer an explanation for why he chose not to accept them. *See*, *e.g.*, *Martin v. Comm'r of Social Security Administration*, 472 F. App'x 580 (9th Cir. 2012) (unpublished) ("The administrative law judge (ALJ) erred when formulating Martin's residual

functional capacity (RFC) because the RFC neither incorporated Dr. Steiner's opinion of Martin's work limitations nor gave specific and legitimate reasons for rejecting it."); *Neufeld v. Berryhill*, No. 2:16-CV-03644 (VEB), 2018 U.S. Dist. LEXIS 169475, *16 (C.D. Cal. Sept. 30, 2018) ("Having afforded 'great weight' to the opinions of Dr. Bartell and Dr. Loomis, the ALJ was bound to either incorporate their findings as to Plaintiff's limitations or explain why she decided not to accept them."). In this case, the ALJ crafted the RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) in that she can lift and carry, push and pull twenty pounds occasionally and ten pounds frequently. She can sit for six hours of an eight hour day and stand and walk for six hours of an eight hour day. Except, she must avoid concentrated exposure to fumes, odors, dust, gases, poor ventilation, etc.' she can only perform simple routine repetitive tasks with only occasional contact with others, including only non-interactional contact with the public.

AR at 63. As noted, the ALJ accorded substantial weight to the opinion of Dr. Fisher in making his RFC findings. The ALJ summarized Dr. Fisher's findings and opinion as follows:

> The consulting examiner Dr. Janelle Fisher opined that plaintiff could perform simple repetitive tasks, and [is] able to accept instructions from supervisors and interact appropriately with co-workers and the public. She opined the claimant with *a mild to moderate impairment in the capacity maintain regular attendance*, complete a normal workday/week without interruptions from psychiatric condition, and deal with workplace stress. She opined the claimant with a moderate impairment in the ability to perform work activity consistently without special or additional instruction as well as performed detailed complex tasks.
>
> …
>
> Substantial weight is accorded these opinions . . . .

*Id.* at 68-69 (emphasis added). This summation of Dr. Fisher's finding is corroborated by the record. AR at 515-19. But, as observed by the plaintiff, the RFC does not, in any discernable way, reflect the regular attendance limitation advanced by Dr. Fisher.

The Commissioner notes that the ALJ defined "moderate" pursuant to the definition employed by the Social Security Administration and found at SSA Form HA-1152-U3 (06-2006) and (04-2009), namely: "[t]here is more than a slight limitation in this area but the individual is

5

still able to function satisfactorily." AR at 68. It follows, the Commissioner argues, that Dr. Fisher's assessment of a mild to moderate limitation in attendance was not severe enough as to rise to the level necessary for inclusion in RFC assessment. The argument is unpersuasive. First, it is unclear what definition of the term "moderate" Dr. Fisher was operating under insofar as the evaluation she submitted does not define the term.

Some courts in this circuit have followed the commissioner's logic. *See*, *e.g.*, *Terrell v. Astrue*, No. CV 11-3392 RNB, 2012 U.S. Dist. LEXIS 17273 at *1-4, (C.D. Cal. Feb. 13, 2012) (holding that, where the ALJ relied upon the SSA definition of "moderate" and it was not clear what definition the physician had employed, it was permissible to omit moderate, physician-found limitations from the RFC); *see also Jason D. v. Berryhill*, No. 2:18-cv-04387-JDE, 2019 U.S. Dist. LEXIS 89247, *18 (C.D. Cal. May 19, 2019) (using the SSA definition of "moderate" and noting "[w]hile the term 'moderate' is helpful in determining the severity of a medically determinable impairment, it is less helpful for assessing an RFC because an RFC is the most a claimant can still do despite his or her limitations; the term 'moderate' does little to explain the activities that person can perform."). Others cases have found that where the ALJ accepts the medical assessment of moderate limitations, those limitations must be accounted for in the RFC. In *Betts v. Astrue*, for instance, the district court upheld an ALJ's decision that also excluded a "moderate" limitation from the RFC and employed a different, but substantially similar definition of the term:

> Dr. Van Eerd assessed Betts as being 'moderately limited' in, among other things, his ability to maintain regular attendance, be punctual within customary tolerances, and complete a normal workday and workweek without interruptions from psychologically based symptoms. The assessment form defines 'moderately limited' as 'fair/limited but not precluded.' Thus, in Dr. Van Eerd's opinion, Betts is not precluded from maintaining regular attendance, being punctual, and completing a normal workday and workweek without interruptions.

No. CV10-02189-PHX-NVW, 2011 U.S. Dist. LEXIS 94516, *18 (D. Ariz. Aug. 22, 2011). The Ninth Circuit, in an unpublished decision, reversed. It held:

> The ALJ did err, however, by disregarding aspects of examining physician Dr. Marcel Van Eerd's opinion without providing any explanation. Though the ALJ said he was according 'the greatest

> weight' to Dr. Van Eerd's opinion, the ALJ's finding regarding Betts' residual functional capacity (RFC) failed to take into account certain limitations identified by Dr. Van Eerd, particularly limitations in Betts' 'ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances,' and his 'ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.' In order to disregard aspects of Dr. Van Eerd's opinion, the ALJ had to provide either 'clear and convincing reasons' or 'specific and legitimate reasons,' depending on whether or not Dr. Van Eerd was contradicted by another doctor in the record. The ALJ provided no reasons for disregarding aspects of Dr. Van Eerd's opinion, so we must reverse.

*Betts v. Colvin*, 531 F. App'x 799, 800 (9th Cir. 2013) (unpublished); *see also Melton v. Astrue*, No. 09-CV-1000-BR, 2010 U.S. Dist. LEXIS 103334, *22 (D. Or. Sept. 28, 2010) ("Accordingly, the Court concludes the ALJ erred in her assessment of Plaintiff's RFC because she did not include Plaintiff's mild-to-moderate limitations in maintaining concentration, persistence, or pace."). While the opinion is unpublished it is nonetheless informative and persuasive as to this issue. Furthermore, the court has not found, and the parties have not pointed to, any published decision from this circuit that directly addresses whether a 'moderate' limitation, as defined by the SSA, must be accounted for in the RFC.

This court adopts *Betts* analysis. The term 'moderate' should be interpreted to carry, in the context of disability, some semantic weight. To hold otherwise would dictate that an RFC would only be required to account for limitations that were 'marked' or 'severe.' This does not necessarily mean that the ALJ was required to explicitly transcribe the limitation in the RFC. Rather, he is required to account for it in his 'translation.' *Rounds v. Commissioner of Social Security Administration*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."). Nothing in the current RFC accounts for limitations in attendance, however.[2]

---

[2] The Commissioner argues that a moderate mental limitation is not "per se disabling nor does it preclude the ability to perform jobs involving simple, repetitive tasks." ECF No. 14 at 9. The issue of whether it is per se disabling is irrelevant, and the limitation to simple, repetitive tasks does not account for limitations in attendance. *See*, *e.g.*, *Scott v. Colvin*, No. 14-cv-04051-EDL, 2015 U.S. Dist. LEXIS 191745, *24-25 (N.D. Cal. Dec. 9, 2015).

The court notes that the Commissioner offers the alternative arguments that: (1) plaintiff's Global Assessment of Functioning score indicates that she was functioning well; and (2) other state agency review opinions supported the ALJ's exclusion of the attendance limitation. But the ALJ did not explicitly rely on that evidence to discount Dr. Fisher's opinion or to otherwise conclude that plaintiff was not limited in attendance. This court may not affirm on grounds that the ALJ did not himself rely on. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

The only question that remains is whether to remand for additional administrative proceedings or for the award of benefits. "The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). A court should remand for further administrative proceedings, however, unless it concludes that such proceedings would not serve a useful purpose. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016). That the ALJ failed to account for a limitation in the RFC does not compel a decision that further administrative proceedings would serve no useful purpose. On remand, the ALJ will have the opportunity to weigh an attendance limitation and analyze whether jobs exist that plaintiff could perform in light thereof.

## CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 14) is DENIED;

3. This matter is REMANDED for additional administrative proceedings; and

4. The Clerk is directed to enter judgment in plaintiff's favor and close the case.

DATED: September 19, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE